IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alfred William Malloy, | ) Civil Action No.:2:12-03049-SB-BHH |
| Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Warden of Ridgeland Correctional Institution, | ) |
| Respondent. | ) |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 13; see also Dkt. No. 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on October 17, 2012. (Dkt. No. 1.) On February 1, 2013, Respondent filed a Motion for Summary Judgment. (Dkt. No. 13; see also Dkt. No. 14.) By order filed February 4, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 15.) Petitioner filed his Response in Opposition on or about June 17, 2013. (Dkt. No. 31.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Ridgeland Correctional Institution. In January of 2008, the Charleston County Grand Jury indicted Petitioner on two counts of armed robbery. (R. at 75, 2-7.) Petitioner was represented by Ted Smith, Esquire, and Reese Stidham, Esquire. (R. at 1.) After a jury trial began on one of the charges, the trial was stopped, and on June 2, 2009, Petitioner pled guilty to both charges before the Honorable

R. Markley Dennis, Jr. (R. at 1-31.) Petitioner was sentenced to twelve years, concurrent, on each charge. (R. at 29-30.)

Petitioner did not file a direct appeal. However, on March 19, 2010, he filed an application for post-conviction relief ("PCR"). (R. at 32-38.) He raised the following allegations in his application for PCR:

> 1. Ineffective assistance of counsel based on failure to raise the issue of juror misconduct.
>
> 2. Ineffective assistance of counsel based on failure to appeal.
>
> 3. Involuntary intoxication in that Applicant was under the influence of Xanax.

(R. at 67, 46.)

On September 13, 2010, an evidentiary hearing was held before the Honorable Roger M. Young, Sr. (R. at 43-65.) Petitioner was present and represented by Robin Jackson, Esquire. (R. at 43.) In an order filed October 7, 2010, Judge Young denied the application for post-conviction relief and dismissed the petition. (R. at 66-74.)

On June 20, 2011, Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson petition for writ of certiorari.[1] In that petition, Petitioner raised the following issue: "Trial counsel erred in failing to advise petitioner that the original plea deals offered by the solicitor prior to trial were no longer available when he decided to abort his trial and plead guilty as charged." (Dkt. No. 14-2 at 3 of 8.) Ms. Carter also filed a petition to be relieved as counsel. (Dkt. No. 14-2 at 7 of 8.) Petitioner did not file a *pro se* response to the Johnson petition.

The Supreme Court of South Carolina entered an order denying the petition on June 21, 2012. (Dkt. No. 14-5.) The matter was remitted to the lower court on July 9, 2012. (Dkt. No. 14-6.)

---

[1] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

Petitioner then filed the instant habeas action raising the following grounds for review (verbatim):

> **Ground One**: Ineffective assistance of counsel based on Failure to Raise the Issue of Juror Misconduct and failure to appeal.
> **Supporting Facts**: During Trial I witness a Juror Dozing off & Sleeping. I Notify my law[y]er Mr. Ted Smith I was told not to worry about I. Before nor after Trial nor the Plea was I Notify that I Had the Right to appeal if I knew I would Have. Cause my Time sentenced wasn't the Knowledge Time I was Told By my lawyer nor was it the negotiated offer of Recommendation.
>
> **Ground Two:** Involuntary Intoxication in that Applicant was under the influence of Xanax.
> **Supporting Facts**: During my plea I was under the Influence of a large amount of Xanax. I took this Drug to try to Help with my problems that I was Having Such as my Armed Robbery Charges. I was Asked at my Plea was I under the Influence of any medication I told the Court Xanax Not once But a Few Times During My Plea that I Have Taken This Drug. But The Plea was still allowed to go on

(Dkt. No. 1.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

Respondent contends he is entitled to summary judgment in the instant case because, *inter alia*, the § 2254 petition is barred by the statute of limitations. (See Dkt. No. 14 at 7-9.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (citing Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563.

Respondent contends Petitioner's conviction became final on June 12, 2009. (Dkt. No. 14 at 8.) As noted above, Petitioner filed his application for post-conviction relief on March 19, 2010. (R. at 32-38.) According to Respondent, 280 days of non-tolled time passed between the time Petitioner's conviction became final and the time he filed his PCR application; Petitioner "still had eighty-five (85) days remaining in which to timely file." (See Dkt. No. 14 at 8.) Respondent states that the "PCR appeal was arguably concluded on June 21, 2012, when the Supreme Court of South Carolina denied the petition and no further action was pending." (Dkt. No. 14 at 8.) However, Respondent contends, even "if one goes by the remittitur date, the PCR action concluded on July 9, 2012," and the action was untimely. (Dkt. No. 14 at 9.)

Petitioner's habeas petition was not filed within the one-year time frame after his conviction became final. Rule (b)(2) of the South Carolina Rules of Criminal Procedure states, in relevant part, "After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed." S.C. R. Crim. P. (b)(2). Petitioner was sentenced on June 2, 2009, and did not appeal; his conviction therefore became final on June 12, 2009. S.C. R. Crim. P. (b)(2); see, e.g., Johnson v. Warden, 6:10–19–HFF–KFM, 2010 WL 4386947, at *4 (D.S.C. Sept. 21, 2010), adopted at 2010 WL 4393281 (D.S.C. Oct 29, 2010). He filed his application for post-conviction relief on March 19, 2010. (R. at 32-38.) At that point, 280 days of non-tolled time had passed; he had a remaining 85 days within which to timely file his federal habeas petition.

Because the statute of limitations was tolled while the application for post-conviction relief was pending, the statute was tolled from March 19, 2010, until–at the latest–July 9,

5

2012. See 28 U.S.C. § 2244(d)(2). Petitioner filed the instant habeas petition on October 17, 2012. (See Dkt. No. 1.) One hundred days elapsed between July 9, 2012, and October 17, 2012; Petitioner filed his habeas action fifteen days after the statute of limitations had run. His petition is, therefore, untimely.

The undersigned further recommends a finding that Petitioner is not entitled to equitable tolling. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562-63 (2010) (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 Fed. App'x 331, 332 (4th Cir.

2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court.").

Although Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, Petitioner did not address the untimeliness issue. (See Dkt. No. 31.) Because Petitioner's § 2254 petition is untimely, and Petitioner has not established that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment. (Dkt. No. 13.)

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 13) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[2]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

July 1, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[2] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).