IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alfred William Malloy, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:12-cv-03049-SB |
| v. ) | |
| ) | |
| Warden of Ridgeland Correctional ) | **ORDER** |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Alfred William Malloy's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on October 23, 2012. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

On February 1, 2013, the Respondent filed a motion for summary judgment, and on February 4, 2013, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedure and the possible consequences of his failure to adequately respond to the motion. On March 1, the Magistrate Judge granted the Petitioner an extension of time to respond to the motion for summary judgment, extending his time to respond to April 10, 2013.



However, on April 18, 2013, the Magistrate Judge granted the Petitioner another extension of time, until May 20, 2013, to respond. When the Petitioner failed to timely respond, the Magistrate Judge filed a twenty-day order on May 28, 2013, advising the Petitioner that if he failed to file a response by June 17, 2013, then this action would be subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and

Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). When the Petitioner again failed to respond, the Magistrate Judge issued a report and recommendation ("R&R") on June 21, 2013, recommending that this action be dismissed for failure to prosecute and for failure to comply with the Court's orders. The same day, however, the Petitioner filed a response to the motion for summary judgment. Therefore, the Magistrate Judge vacated the R&R and allowed the case to proceed.

After considering the merits of the case, the Magistrate Judge issued an R&R on July 1, 2013, finding that the instant section 2254 petition was untimely and that the Petitioner was not entitled to equitable tolling. Accordingly, the Magistrate Judge recommended that the Court grant the Respondent's motion for summary judgment, dismiss the instant petition with prejudice, and deny a certificate of appealability. Attached the R&R was a notice advising the Petitioner of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby **adopts the R&R** (Entry 35) as the order of the Court and incorporates it herein, and it is

**ORDERED** that the Respondent's motion for summary judgment (Entry 13) is granted; this section 2554 petition is dismissed with prejudice, and a certificate of appealability is denied.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

July 24, 2013
Charleston, South Carolina

3